[Civ. No. 16518.   First Dist., Div. Two.   Jan. 19, 1956.]

DELLA MAE McMULLEN, Appellant, v. CYRIL SAUNDERS et al., Respondents.

Howard B. Crittenden, Jr., and Bruce McMullen for Appellant.

Philander Brooks Beadle for Respondents.

KAUFMAN, J.—This is an appeal from a judgment of the Superior Court in and for the County of San Francisco, in an action brought to declare certain real property to be held

in trust for plaintiff and for an accounting and receivership. The record is in the form of a settled statement.

Appellant previously made a motion in this court to correct the settled statement. This motion was denied. Appellant states that no useful purpose would be served in quoting or referring to the "so-called settled statement" on file herein, since it does not reflect the true facts, and then proceeds with her own statement of facts without benefit of transcript reference. This court must, of course, obtain the facts from the duly authenticated settled statement.

The complaint alleged that plaintiff and appellant, Della Mae McMullen, transferred to defendants and respondents, Cyril Saunders, an attorney at law, and Betty Saunders, his wife, by quitclaim deed, certain real property in San Francisco, and that at the time of this transfer an attorney-client relationship existed between appellant and respondent, Cyril Saunders; that the transfer was a security transaction; that respondent had agreed to purchase the property at foreclosure sale, to sell it and pay appellant the selling price after deducting the loan with interest at 6 per cent per annum. It was alleged that respondent was indebted to appellant's husband, Bruce McMullen, also an attorney at law, for the balance due upon an office and fee-sharing agreement, which balance had been assigned to appellant. It was further alleged that appellant had left certain household property of a value of $750 upon the aforesaid real property, and that respondent had converted it to his own use, and that a diamond ring belonging to appellant was also wrongfully retained by respondents.

The complaint sought a judgment declaring the real and personal property be held in trust or as a mortgage; that defendant account for said property together with rents and rental value thereof; that appellant have judgment on her husband's assigned claim; and for declaratory relief.

Respondents denied generally the allegations of the complaint and counterclaimed and cross-complained against appellant and her husband, Bruce McMullen, claiming certain sums due for rent of the real property here involved, office rent and certain other sums arising out of the two attorneys' office-sharing agreement. It was alleged that respondents bought the real property at a trustee sale, and that thereafter Cyril Saunders stated to Bruce McMullen that he would give him as a credit on his account one-half the difference between

the total expenditures by Saunders on said property and its value at the date of purchase by respondents.

After a trial before the court sitting without a jury it was found that prior to November, 1951, appellant, Della Mae McMullen, was the owner of the real property at 779 42d Avenue, San Francisco; that said property was subject to a deed of trust, a first lien, in the sum of $6,500, and a second deed of trust in the sum of approximately $3,100 which was in default, and sale thereunder had been noticed for October 10, 1951. It was found that as a friendly gesture, to help his associate, Cyril Saunders agreed to purchase the second deed of trust, and that no attorney-client relationship existed. Respondents purchased said deed of trust for $3,732.95. In November, 1951, respondents purchased the trustor's interest for $3,767.95, and they were credited with the sum of $3,732.95 as holders of the second deed of trust. The trustees delivered to respondents a valid deed to said property, and they have been since that time, and are now, the owners of said property, subject only to the lien of the first deed of trust.

The trial court found that there was an oral agreement between the parties; (a) that respondents Saunders would be owners of the property; (b) that upon sale, said respondents would pay the McMullens one-half the "equity" in said property; (c) that the "equity" would be determined by deducting from the gross selling price and income (1) all expenditures in connection with the property, including the purchase of the second deed of trust and certain other items, and (2) all moneys due or to become due Cyril Saunders from appellant Della Mae McMullen or cross-defendant Bruce McMullen under the various legal associations, or for loans, advances or office rent; (d) that McMullens would pay respondents $50 per month rent during the time they occupied an apartment in the aforesaid premises, and would turn over to respondents all other rents collected for other portions of the premises.

The court found that the McMullens had not moved from the premises because of misrepresentations of respondents, but moved voluntarily, leaving a stove and refrigerator which were sold to respondents and were of the value of $110, and another stove which appellant was entitled to remove. In regard to the diamond ring, McMullens were indebted to Saunders in the sum of $92.45 plus interest.

It was further found that respondents had made certain

changes and improvements in the premises since April, 1952. They had built a closet in the apartment, put in a gas furnace, moved a small house on the land, put on a new roof, painted the exterior, put sheet rock walls in one room of the apartment, and had built retaining walls. The item for repairs, labor, materials, taxes and insurance was $3,129.71. This sum added to the cost of the second deed of trust plus other small items made a total expenditure of $8,986.13.

Other findings were concerned with items of rent on the premises here involved, various debts, and credits between Bruce McMullen and Cyril Saunders in connection with their law business which left a balance owing to Saunders in the sum of $75.33. Cross-defendant, Bruce McMullen, had assigned all his right, title and interest in and to any of the properties or claims involved in his suit to appellant. It was further found that Cyril Saunders had deposited the diamond ring with the clerk of the court.

The court concluded that the "equity" in the property, in reference to the aforementioned oral agreement was $1,958.31, which belonged in equal shares to respondents and appellant. After deducting from appellant's half, the $329.16 due Saunders from the McMullens, appellant had a balance of $650 coming from the property.

The judgment decrees that appellant, Della Mae McMullen, may within 60 days after May 25, 1953, purchase said property subject to the first deed of trust by paying respondents the sum of $8,986.13 less $650, or the sum of $8,336.13, and if appellant fails to pay said sum within 60 days then all of the right, title, and interest in said property shall terminate and appellant shall have judgment against respondents for $650. Appellant was declared entitled to the immediate possession of the diamond ring and one gas stove, and was given judgment against respondents for her costs.

Appellant cites generally several cases in reference to the attorney-client relationship, but the trial court found that there was no such relationship between appellant and Cyril Saunders at any time mentioned in the pleadings in this case. Appellant's evidence that respondent had appeared as attorney of record and filed pleadings in her behalf was explained and contradicted by respondents' evidence to the effect that respondent's name as attorney was used purely as a matter of convenience by appellant's husband and that in truth respondent never was attorney for appellant. It was for the trial judge on the state of the record on this point

to determine whether or not such an attorney-client relationship existed.

Appellant complains that parol evidence was accepted from respondents in regard to the accounting, and that appellant was denied the right to require vouchers to verify respondents' actual expenditures. The settled statement shows that Cyril Saunders testified as to the amounts that he advanced for repairs to the premises including labor and materials, and for taxes and insurance, a total sum of $3,129.71. The record shows that the witness was examined as to the various expenditures and explained the respective items thereof. Appellant has pointed to no reference in the record on appeal which bears out her statement that she ever asked for vouchers in support of this testimony, or that she was denied the right to require them.

Appellant argues that the trial court erred in decreeing a strict foreclosure which is not known to California law, citing *Brooks* v. *Tichner,* 1 Cal.Unrep. 104. No foreclosure is involved in the present case. It was found that the oral agreement provided that the respondents were owners of the property, but if they sold it they would pay to appellant one-half of a so-called "equity" in the property which was later determined to amount to $979.16. The trial court in its judgment gave appellant a period of 60 days in which to repurchase the property if she so desired. Respondents were not holding the property as mortgagees but clearly as owners, so therefore no question of foreclosure is involved.

█ It is contended by appellant that the judgment against cross-defendant is not chargeable to appellant as assignee. In paragraph 7 of appellant's complaint it is alleged that Bruce McMullen and Cyril Saunders were attorneys associated in certain litigation and that McMullen was attorney for Saunders in litigation involving Saunders; that Saunders demanded an accounting; that appellant obtained and Bruce McMullen assigned to her "all claims, credits and right to accounting from said legal association and attorney-client relationship to and including December 22, 1952." Appellant can hardly now deny the allegations of her verified complaint.

█ In conclusion, appellant says that the exhibits should resolve the conflict in the testimony. That conflict has already been resolved by the trial judge in respondents' favor, and will not be considered on appeal. (*Estate of Jamison,* 41 Cal.2d 1, 13 [256 P.2d 984]; *Hicks* v. *Ocean Shore Railroad, Inc.,* 18 Cal.2d 773, 780 [117 P.2d 850].)

No prejudicial error appearing in the record before us, the judgment must therefore be affirmed.

Judgment affirmed.

Nourse, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied February 17, 1956, and appellant's petition for a hearing by the Supreme Court was denied March 14, 1956.