Filed 5/25/23  Inobe v. Hino CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| SETSUKO INOBE, | B306188 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19LBCP00132) |
| v. | |
| NORIKO HINO, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Michael P. Vicencia, Judge.  Affirmed.

Setsuko Inobe, in pro. per., for Plaintiff and Appellant.

Noriko Hino, in pro. per., for Defendant and Respondent.

\* \* \* \* \* \* \* \* \* \*

Plaintiff and appellant Setsuko Inobe appeals from the judgment in favor of defendant and respondent Noriko Hino following a bench trial.  Plaintiff contends the trial court abused its discretion in refusing to admit her documentary evidence and in admitting evidence from defendant that had been excluded as a discovery sanction.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff worked for defendant as a babysitter for almost one year.  After she was terminated in early 2015, plaintiff filed a claim with the Labor Commissioner's Office seeking unpaid wages and various penalties.  A hearing was held in November 2018.  The hearing officer issued a written decision finding in favor of defendant.

Plaintiff appealed to the superior court pursuant to Labor Code section 98.2.  The superior court does not review the hearing officer's decision but considers the wage dispute anew in a trial de novo.  (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1116.)

The bench trial took place on February 10, 2020, and lasted less than one day.  The trial was not reported.  Plaintiff was represented by counsel and testified with the assistance of a certified Japanese interpreter.  Defendant, representing herself, also testified.  Neither party called witnesses and no exhibits were admitted into evidence.  After taking the matter under submission, the court issued a minute order finding in favor of defendant and awarding her costs.

After trial, plaintiff substituted in as her own counsel.  She requested a settled statement from the trial court in accordance with rule 8.137 of the California Rules of Court.  The court noted

2

multiple errors in plaintiff's proposed settled statement and requested corrections to accurately reflect the trial court proceedings. After a hearing, the court again instructed plaintiff to make necessary corrections. Plaintiff failed to make the corrections identified by the court. The court filed a corrected version of the settled statement on February 24, 2021, and certified it by minute order the next day.

The settled statement provides the following finding by the court: "Based upon the witnesses' testimony, description of events and their behavior while testifying, the Court found that [defendant] was a credible witness and that her testimony accurately reflected what occurred. The Court also found that [plaintiff's] testimony was not credible."

This appeal followed.

## DISCUSSION

On appeal from a bench trial where the appellant has relied on a settled statement, "we are bound to assume that enough appears in the settled statement to enable us to decide whether reversible error was committed; and we must make our ruling upon what is affirmatively shown by the record." (*People ex rel. Department of Public Works v. Bond* (1964) 231 Cal.App.2d 435, 437; accord, *Sloan v. Stearns* (1955) 137 Cal.App.2d 289, 293.) We consider only those facts included in the settled statement approved and certified by the trial court. (*McMullen v. Saunders* (1956) 138 Cal.App.2d 554, 555.)

Plaintiff contends the court abused its discretion by failing to admit her 13 exhibits into evidence which she claims demonstrate that defendant's version of what happened is not credible. However, the record establishes the trial court did *not* exclude plaintiff's exhibits. Plaintiff discussed her exhibits

3

during her testimony, but she never moved the exhibits into evidence. Paragraph 3.c. of the settled statement says "Exhibits were marked and identified, but no party moved any exhibits into evidence." Plaintiff has not shown any abuse of discretion by the court in ruling on evidence.

Plaintiff also contends the court erred by admitting evidence from defendant that had been excluded pretrial as a discovery sanction. Once again, the settled statement does not support plaintiff's argument. Assuming any documents were included within the scope of the evidentiary sanction, paragraph 3.a. of the statement provides that no documents were offered or admitted during defendant's testimony. And, if plaintiff contends the evidentiary sanction precluded defendant from testifying to any specific topics during trial, paragraph 3.a. states that no objections were made to defendant's testimony. Therefore, any objection based on the ground the testimony was precluded by an evidentiary sanction was forfeited.

" 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and *error must be affirmatively shown*. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564, first italics in the original, second italics added.) Plaintiff has not affirmatively shown any error, let alone a prejudicial error.

## DISPOSITION

The judgment in favor of defendant and respondent Noriko Hino is affirmed.  Noriko Hino shall recover costs of appeal.


GRIMES, J.

WE CONCUR:


STRATTON, P. J.


VIRAMONTES, J.