Filed 8/2/24  Todd v. Johnson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LATISHA TODD,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KIMECA PARHAM JOHNSON,<br><br>Defendant and Appellant. | F087029<br><br>(Super. Ct. No. 23CV-02812)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Merced County.  Brian L. McCabe, Judge.

Kimeca Parham Johnson, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

In this suit for a civil harassment restraining order (Code Civ. Proc., § 527.6),[1] Kimeca Parham Johnson (Johnson) appeals from a one-year restraining order issued in favor of Latisha Todd (Todd).[2]  The appeal proceeds on the clerk's transcript and a

---

[1]     Undesignated statutory references are to the Code of Civil Procedure.

[2]     The parties were self-represented litigants in the trial court and Johnson is representing herself on appeal.

settled statement prepared by Johnson and approved by the trial court.  Johnson contends insufficient evidence was presented to the trial court to support the restraining order.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2023,[3] Latisha Todd filed a verified request for civil harassment restraining order against Johnson, who is the wife of Todd's husband's cousin, on Judicial Council form CH-100.  The request sought personal conduct and stay-away orders to protect Todd, her two adult daughters who lived with her, and her husband, Charles Miles.

Todd claimed Johnson, who is a nurse, was harassing Todd and her family by saying she would make them "a client" by disabling them, posting photos on Facebook, and standing on the corner trying to attack Todd when she was picking up her grandchildren from school.  Todd further claimed Johnson harassed her through phone calls, text messages, daily drives by her property, and standing near the school when Todd picked up her grandchildren, and Johnson threatened to "spin shoot" her and police were called several times, although they did not come.  Todd alleged the last incident of harassment occurred on November 11, 2022.  Todd also asserted Johnson was constantly on the phone all night long and served her with fake papers over the last eight months.  Todd was scared for her life and afraid Johnson would kill her if she got near Todd.

Attached to Todd's request is an August 13 letter Johnson sent to Todd, in which Johnson asserted Todd had been maliciously spreading inaccurate and unfounded information about Johnson throughout Merced County and on social media that was damaging her personal and professional character.  Johnson claimed Todd's statements were defamatory and stated she would bring a lawsuit if Todd did not cease and desist from making untrue statements.  Included with the cease-and-desist letter were copies of

---

**3**     References to dates are to the year 2023, unless otherwise stated.

an August 16 transcript of a voicemail, four pages of undated text messages, and a list of recent calls that show multiple calls from an unidentified number.

This was not Todd's first request for a civil harassment restraining order against Johnson. She filed her first request in March in which she alleged Johnson attempted to force her off the road with her vehicle, sent her harassing text messages, and told Todd she needed to watch her back. At a hearing in April, the trial court denied Todd's request for a restraining order.

On August 21, Johnson filed a cross-request for a civil harassment restraining order against Todd on Judicial Council form CH-100. She alleged that since December 2022, Todd had been threatening her family and the threats worsened after the April hearing on Todd's first request for a restraining order. Johnson asserted Todd made false police reports and sent her a text message stating she had guns. Johnson requested protection for herself, her two teenage sons, and her husband, Derrick Johnson (Derrick). In response to the question of why her family members needed protection, Johnson attached a list of 12 occasions between April 3 and August 17 which she claimed showed Todd harassed her and her family.

On August 23, the trial court scheduled a hearing for September 13, and partly granted and partly denied Todd's and Johnson's requests for temporary restraining orders. As to Todd's request for a temporary restraining order, the trial court found the facts alleged in her request did not sufficiently show acts or threats of violence, or a course of conduct that seriously alarmed, annoyed, or harassed Todd and caused her substantial emotional distress. The trial court explained the thrust of the petition was defamation, which could be addressed by other remedies other than a civil restraining order.

On September 13, Johnson filed a Judicial Council form CH-120 "Response Request for Civil Harassment Restraining Orders." (Emphasis omitted.) In the response, Johnson stated she did not agree to the orders requested and did not do anything

3.

described in item 7 of Todd's form CH-100 because Todd had been harassing her and lying about her since December 2022, none of the alleged events happened, and Todd was attacking her character.

At the September 13 hearing, the trial court noted there was no proof of service on Todd's request and while Johnson's cross-request was served by mail, that was not acceptable. The trial court cured the proof of service deficiency by ordering the clerk to provide copies to the parties and continued the hearing to September 27.

The minute order of the September 27 hearing shows that testimony was received from (1) Todd; (2) Shinique Winzer (Winzer)—Todd's niece;[4] and (3) Johnson. The trial court denied Johnson's cross-request for civil harassment restraining orders and granted Todd's request. A one-year restraining order was entered which prohibits Johnson from harassing or contacting Todd, and orders Johnson to stay away from Todd and her family. Johnson filed a notice of appeal on October 17.

The hearing was not reported by a court reporter. Johnson elected to use a settled statement as the record of the oral proceedings in the superior court. (Cal. Rules of Court, rule 8.137(b).)[5] Johnson filed a proposed settled statement on December 12. On January 26, 2024, in a joint order that addressed Johnson's request for settled statements in this case and in a related case that is pending in this court, *Winzer v. Johnson*, case No. F087031, the trial court denied Johnson's request because the proposed settled statement did not provide a reasonable summary of the testimony presented at the hearing, but rather provided an argumentative one-sided view of the evidence presented. The trial court explained that it provided the parties with a verbatim recording of the proceedings, which was reflected in some portions of the settled statement, but Johnson failed to provide an accurate factual recitation of both petitioners' testimonies.

---

[4] The minute order lists the witness' name as "Laquisha Windsor," but it is apparent from the settled statement that her name is Shinique Winzer.

[5] Further references to rules are to the California Rules of Court.

On February 1, 2024, the trial court signed a joint second amended order which addressed Johnson's proposed settled statements in both cases. The trial court explained that when it issued the first order denying Johnson's requests to certify the settled statements it believed the parties had been provided with a verbatim recording of the proceedings, but further investigation revealed no recording was available. The trial court explained that Johnson would have to provide a narrative of the testimony, including both petitioners' testimonies, from her recollection.[6]

On February 8, 2024, Johnson filed a second proposed settled statement in this case, which adds some details to the narrative of the testimony of the parties and witnesses. On March 1, 2024, the trial court entered a joint order in both cases granting Johnson's requests to certify the February 8, 2024 amended proposed settled statements because "Attachment 3(a)(1)" to the amended proposed settled statements "contains as good a factual summary as the parties are likely to be able to produce."

The settled statement contains a narration of the testimony from Todd, Johnson, and Winzer. The trial court asked Todd to explain how Johnson had been threatening and harassing her. Todd responded that Johnson repeatedly called her from a blocked number without saying anything and she sent Todd a threatening recording at an unknown date and time. In addition, she had evidence that Johnson's daughters had been contacting Todd through Facebook. Todd was certain Johnson's voice was on the recording because she was familiar with her voice as she had known Johnson for a long time. Todd played the recording for the court—it was attached to her August request for a restraining order but was sent to Todd on March 10, 2023.[7]

---

[6] The February 1, 2024 order is not in the clerk's transcript. On our own motion, we take judicial notice of the trial court's February 1, 2024 order, which was filed in *Winzer v. Johnson*, case No. F087031, on February 8, 2024. (Evid. Code, § 452, subd. (d).)

[7] The transcript of the voice message attached to the August request reads as follows: "Yes Miss Leticia Todd Miles you can believe what you want the E steak I did on my research that's why took me so long but don't worry honey I'm glad you posted that post and I got that one too because you don't know who my friends are that are your

Johnson interjected that the case should focus on the false accusations against her, not her daughters.  Johnson stated that after she sent Todd the cease-and-desist letter, Todd started posting more lies and slandered her name and character on Facebook, and even shared Johnson's address.

Todd asserted that Johnson prevented her pregnant niece from receiving medical help at Kaiser.  Johnson responded that was another lie and she had evidence "they" were coming to my workplace to harass and threaten her, which she provided in her cross-request and response.  Johnson denied mentioning Todd's niece and asserted they were fabricating stories without any substance or validity, which is why they could not provide a specific date or time and had resorted to lying to obtain a restraining order.

The trial court stated that was irrelevant and Johnson could not prevent anyone from seeking medical help at a public hospital.  Todd had another video of Johnson at a convenience store—Todd did not know she was there until she arrived.  Johnson was in her car wearing white gloves.  Todd called the police, but they said they could not take any action; she also contacted the district attorney and victim protection.  The trial court asked to view the video but expressed difficulty hearing anything other than yelling and talking.  Todd shared her account, mentioning that the individual in the car was wearing white gloves.  Todd was confused why her April request for a restraining order was denied, as the individual exhibited erratic behavior toward her.

Johnson claimed Todd had not been contacting anyone other than the police and emphasized the need for proof and documentation to support Todd's allegations.  Todd mentioned an incident involving her niece at a clothing store, which resulted in the police being called.  Johnson denied the accusation and claimed to have evidence supporting her innocence.  The trial court asked the reason for the perceived harassment, but Todd

friends who my _____ friends but I'm glad you posted all my information on there again just like you're not supposed to do but take that letter down to the court system tomorrow and see if there's a fake letter trust me I'm so glad I'm gonna be up in that SSI check like night and day thank you boo-boo you have a nice night see you soon hon bye …."

expressed uncertainty. Johnson reiterated her innocence and claimed she was following legal advice in pursuing her defamation and civil harassment case. Johnson emphasized the lack of evidence of contact with Todd or her family, and provided phone records, car GPS, and the Life 360 app as proof of her whereabouts.

The trial court asked Johnson if she had anything to add to Todd's testimony. Johnson asserted Todd's entire statement was false and asked what had changed from Todd's first request for restraining order, when the trial court stated the evidence favored Johnson and Todd had the burden of proving the allegations by a preponderance of the evidence. Johnson stated the trial court explained at the hearing that certain conditions must exist for a case to fall under the civil harassment statute and there should be police reports documenting a course of harassment or threats, which Todd failed to provide, which was why the restraining order was denied in April. Johnson complained about not being served with Todd's August request for a restraining order and that the trial court served Johnson on Todd's behalf.

Johnson further stated she had evidence dating back to the last court case that Todd had been sending threatening text messages to her, her work colleagues, her family, and her husband, as shown in the cross-request and response to Todd's request. Todd's sole witness for her claims was Winzer, who was granted a temporary restraining order for a court case scheduled for the following week.

Winzer told the court that the case revolved around her, as she was involved with Johnson's husband, and Todd informed her that Johnson had been constantly harassing and threatening her. Winzer was unsure why Johnson was angry since she had her husband back.

## DISCUSSION

### *Civil Harassment Injunctions and the Standard of Review*

Section 527.6 authorizes a person who has suffered harassment to seek a temporary restraining order and an injunction after hearing. (§ 527.6, subd. (a)(1);

*Schraer v. Berkeley Property Owners' Assn.* (1989) 207 Cal.App.3d 719, 729–730.)  The statute defines " '[h]arassment' " as follows:  "[U]nlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose.  The course of conduct must be that which would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner."  (§ 527.6, subd. (b)(3).)

The three types of behavior listed in the definition of harassment also have statutory definitions.  First, " '[u]nlawful violence' " refers to "any assault or battery, or stalking as prohibited in Section 646.9 of the Penal Code, but does not include lawful acts of self-defense or defense of others."  (§ 527.6, subd. (b)(7).)  Second, a " 'threat of violence' " may be communicated in a statement or by a course of conduct and is " '[c]redible' " if it "would place a reasonable person in fear for the person's safety or the safety of the person's immediate family" and if it serves no legitimate purpose.  (§ 527.6, subd. (b)(2).)  Third, " '[c]ourse of conduct' " means "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose." (§ 527.6, subd. (b)(1).)  The definition also provides a nonexclusive list of examples of a course of conduct, "including following or stalking an individual, making harassing telephone calls to an individual, or sending harassing correspondence to an individual by any means."  (*Ibid.*)  If the court finds by clear and convincing evidence that the petitioner is suffering harassment, it must issue an order prohibiting the harassment. (§ 527.6, subd. (i).)

We review the trial court's issuance of a restraining order after hearing for abuse of discretion, and the underlying factual findings for substantial evidence.  (*Burquet v. Brumbaugh* (2014) 223 Cal.App.4th 1140, 1143.)  "Under the substantial evidence standard of review, 'we must consider all of the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference, and resolving

8.

conflicts in support of the [findings]. [Citations.] [¶] It is not our task to weigh conflicts and disputes in the evidence; that is the province of the trier of fact. Our authority begins and ends with a determination as to whether, on the entire record, there is *any* substantial evidence, contradicted or uncontradicted, in support of the judgment.' " (*ASP Properties Group, L.P. v. Fard, Inc.* (2005) 133 Cal.App.4th 1257, 1266.) We keep in mind, however, that "when reviewing a finding that a fact has been proved by clear and convincing evidence, the question before the appellate court is whether the record as a whole contains substantial evidence from which a reasonable fact finder could have found it highly probable that the fact was true." (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 995–996.)

Here, the record consists of the clerk's transcript and, in lieu of the reporter's transcript, a settled statement. (Rule 8.137.) "A settled statement is a summary of the superior court proceedings approved by the superior court." (Rule 8.137(a).) It "must" contain "a statement of the points the appellant is raising on appeal" and "a condensed narrative of the oral proceedings" relevant to the appeal. (Rule 8.137(d)(1), (2).) "The condensed narrative must include a concise factual summary of the evidence and the testimony of each witness relevant to the points that the appellant states … are being raised on appeal…. Any evidence or portion of a proceeding not included will be presumed to support the judgment or order appealed from." (Rule 8.137(d)(2)(A).)

On appeal from a bench trial where the appellant relies on a settled statement, "we are bound to assume that enough appears in the settled statement to enable us to decide whether reversible error was committed; and we must make our ruling upon what is affirmatively shown by the record." (*People ex rel. Department of Public Works v. Bond* (1964) 231 Cal.App.2d 435, 437; accord, *Sloan v. Stearns* (1955) 137 Cal.App.2d 289, 293.) We consider only those facts included in the settled statement approved and certified by the trial court. (*McMullen v. Saunders* (1956) 138 Cal.App.2d 554, 555.)

9.

*Analysis*

Johnson asserts the trial court abused its discretion in granting the restraining order because there is no evidence she engaged in harassing conduct within the meaning of the statute. Johnson argues Todd's allegations are false and the settled statement contains no evidence to support Todd's allegations that she brandished a gun or that she harassed Todd's husband or daughters. Johnson contends Todd did not satisfy her burden of proving she had a reasonable apprehension of prior, present, or future abuse, as Johnson did not engage in a course of misconduct or uninvited conversation, harassment, or intent to harm Todd.

Todd did not file a respondent's brief. Nonetheless, Johnson, as the appellant, bears the burden of affirmatively demonstrating the insufficiency of the evidence with an adequate record. (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1072; *Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9.) "[W]e do *not* treat the failure to file a respondent's brief as a 'default' (i.e., an admission of error) but examine the record, appellant's brief, and any oral argument by appellant to see if it supports any claims of error." (*In re Marriage of Riddle* (2005) 125 Cal.App.4th 1075, 1078, fn. 1.)

Johnson argues there is insufficient evidence to suggest that she engaged in violent behavior toward Todd, which is one of three types of behavior defined as harassment. (§ 527.6, subd. (b)(3) [harassment includes "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct"].) The record does not reveal the ground upon which the trial court granted the restraining order. But we review the trial court's ruling, not its rationale. (*City of Santa Monica v. Stewart* (2005) 126 Cal.App.4th 43, 80.) We construe all intendments and presumptions in favor of the judgment. (*In re Julian R.* (2009) 47 Cal.4th 487, 498–499.) Since no party requested a statement of decision, we presume the trial court made all factual findings necessary to support the

judgment for which there is substantial evidence. (*In re Marriage of Condon* (1998) 62 Cal.App.4th 533, 549–550, fn. 11.)

Viewed in the light most favorable to Todd, the evidence from Todd's verified request for the civil harassment restraining order and the settled statement show the following. Johnson, a nurse, stated she would make Todd and her family "a client" by disabling them, posted the family's photos on Facebook, and stood near the school while Todd picked up her grandchildren and tried to attack her. Johnson called Todd constantly all night long, repeatedly called Todd from a blocked number without saying anything, sent text messages, drove by her property daily, and threatened " 'to spin' shoot" her. Moreover, Johnson served "fake papers" over an eight-month period, which apparently included the cease-and-desist letter. Johnson left Todd a voicemail message, which Todd believed was threatening, in which Johnson taunted Todd by warning they shared mutual friends who favored Johnson and she would interfere somehow with a Social Security Income check. Finally, there were two incidents, one at a convenience store involving Johnson and Todd and the other at a clothing store involving Johnson and Todd's niece, that resulted in the police being called. Todd was scared for her life and afraid Johnson would kill her. Winzer confirmed that Todd told her Johnson had been constantly harassing and threatening her.

Based on this evidence, the trial court reasonably could infer Johnson engaged in a course of conduct intended to harass Todd that could have caused serious alarm and distress to a reasonable person and that did cause Todd emotional distress. (See § 527.6, subd. (b)(3); *In re Marriage of Mix* (1975) 14 Cal.3d 604, 614 [testimony of a single witness—even one who is a party to the litigation—may constitute substantial evidence]; *R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 186, 188, 190 & fn. 5.) While there is no evidence of the content of the text messages, Johnson left a taunting voicemail that threatened to turn her friends on Todd, stalked Todd by driving by her property and her granddaughter's school, and threatened to "spin shoot" Todd. (See *Brekke v. Wills*

11.

(2005) 125 Cal.App.4th 1400, 1413 [defendant's harassment of his girlfriend's mother included taunting the mother during a phone call]; *Ensworth v. Mullvain* (1990) 224 Cal.App.3d 1105, 1111 [former patient harassed her psychologist with "repeated phone calls and threatening letters"], disapproved on another point by *Conservatorship of O.B.*, *supra*, 9 Cal.5th at p. 1010, fn. 7; § 527.6, subd. (b)(1) [a course of conduct includes "following or stalking an individual," harassing telephone calls, and sending harassing correspondence].)

Since the evidence is sufficient to establish that Johnson engaged in a knowing and willful course of conduct directed at Todd that seriously alarmed, annoyed, or harassed her, it is irrelevant whether there was sufficient evidence to show Johnson engaged in unlawful violence or made a credible threat of violence. Therefore, we do not address those bases for finding harassment.

Johnson raises several complaints concerning the way the trial court conducted the proceedings. She claims the trial court never informed her about the accusations, allegations, or evidence it relied on in issuing the restraining order, and the trial court misused its authority by approving the amended settled statement after rejecting the first one, as there is no difference between the two.

On the first point, Johnson has not cited and we have not located any provision in section 527.6 requiring the trial court to make explicit written or oral findings and conclusions. Johnson cites to Evidence Code section 452, but that applies to requests for judicial notice and specifies the matters over which judicial notice may be taken. Moreover, Johnson did not comply with the procedures for requesting a statement of decision, which would have required the trial court to explain the factual and legal basis for its decision. (§§ 632, 634; rule 3.1590(d).) Consequently, Johnson has not demonstrated the trial court committed reversible error by failing to make explicit findings of fact and conclusions of law.

12.

Johnson also complains that the trial court misused its authority by approving the amended settled statement after rejecting the first one, when there was no difference between the two. The record shows the trial court rejected Johnson's first proposed settled statement because it was not objective or complete. The trial court believed an electronic recording of the hearing existed, which would allow Johnson to prepare a more objective and complete settled statement. When the trial court discovered an electronic recording of the hearing did not exist, it certified Johnson's second proposed settled statement after giving Todd the opportunity to propose amendments to the proposed statement. (Rule 8.137(e)(1) [the respondent has 20 days after the appellant serves the proposed statement to propose amendments]; rule 8.137(h) [if the trial court judge does not order any corrections or modifications to the proposed statement, the judge must promptly certify the statement].) The trial court did not act arbitrarily in certifying the second proposed settled statement. (*Keller v. Superior Court* (1950) 100 Cal.App.2d 231, 234 [when an appellant proceeds with a settled statement, "full and plenary power over such a record is reposed in the trial judge, subject only to the limitation that he *does not act arbitrarily*"].)

In sum, Johnson has not shown that the trial court erred in granting Todd's request for a civil harassment restraining order or issuing the one-year injunction.

## DISPOSITION

The order granting the injunction under section 526.7 is affirmed. Because respondent did not appear on appeal, no party shall recover costs. (Rule 8.278(a)(5).)


DE SANTOS, J.

WE CONCUR:


LEVY, Acting P. J.


DETJEN, J.

13.